UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| Roshelle Simpson, | CASE NO: 22-01274-DD |
| Debtor. | **ORDER** |

The *pro se* debtor in this case filed her voluntary chapter 7 petition on May 12, 2022. She indicated that she rents her residence and that her landlord had obtained an eviction judgment against her but that she wishes to stay in the residence. The petition instructed her to fill out Form 101A, the *Initial Statement About an Eviction Judgment Against You*, and to file it with the bankruptcy petition. The debtor failed to file Form 101A with her petition, and the clerk's office notified her of the deficiency on May 13, 2022. On May 23, 2022, the debtor submitted a request for an extension of time. The request is before the Court, and for the reasons stated below, the debtor's request for additional time to file Form 101A is denied.

Section 362 of the bankruptcy code concerns the automatic stay that is imposed upon filing a bankruptcy petition. The scope of the stay is broad; however, subject to subsection (l), the filing of a petition does not operate as a stay of the continuation of an eviction of a tenant under a lease or rental agreement after the lessor has obtained a judgment for possession of such property against the debtor before the date of the bankruptcy petition. 11 U.S.C. § 362(b)(22). Section 362(l)(1) provides that the stay exception under section 362(b)(22) will not apply until 30 days after the petition date if the debtor files with the petition and serves on the lessor a certification that (a) circumstances exist in which the debtor would be permitted under nonbankruptcy law to cure the entire monetary default after the judgment for possession was

entered, and (b) the debtor has deposited with the clerk of court any rent that would become due during the 30-day period after filing the petition. Form 101A contains the necessary certification and negates the effect of section 362(b)(22), at least for a period of 30 days, and the pending eviction is automatically stayed. 3 COLLIER ON BANKRUPTCY ¶ 362.05[20] (16th ed. 2022). The automatic stay may remain in force after the 30-day period if the debtor files a further certification that the entire monetary default that gave rise to the eviction judgment for possession has been cured. 11 U.S.C. § 362(l)(2).

If a debtor fails to file the certification required under section 362(l)(1) with the petition, "subsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(l)(4)(A). Additionally, upon the failure to file the certifications in Form 101A, "the clerk of court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay." 11 U.S.C. § 362(l)(4)(B).

Form 101A must be filed with the petition for relief. Section 362(l)(4) clearly states that if a debtor does not file the certifications required by section 362(l)(1), then the exception to the stay found in section 382(b)(22) takes effect immediately, and the automatic stay does not apply to the continuation of the eviction proceeding. *In re Harris*, 424 B.R. 44, 54 (Bankr. E.D.N.Y. 2010); *see also In re Torres*, No. 21-20483 (JJT), 2021 WL 2189515, at *3 (Bankr. D. Conn. May 28, 2021) ("This failure immediately triggered the applicability of Section 362(b)(22), and as a result, the filing of the Debtors' petition did not trigger the automatic stay under 11 U.S.C. § 362(a)(3) with respect to the Landlord's eviction proceeding against the Debtors."). "The Code simply does not allow for the debtor to file the required § 362(l)(1) certifications throughout the

pendency of his case rather than with his petition, and to so permit would be prejudicial to [landlord] and result in the type of delay and uncertainty that §§ 362(b)(22) and (l)(4) were likely intended to prevent." *In re Parker*, No. 08-00278, 2008 WL 2081536, at *3 (Bankr. D.D.C. May 8, 2008).

There is no indication from that statute that the time for filing the certification can be extended. Because the exception to the stay is triggered automatically if the debtor fails to file Form 101A with the petition, there is no period of time when the stay is in effect to extend.

The debtor's Form 101A had to be filed with her petition to prevent the exception from the stay found in section 362(b)(22) from taking immediate effect. Therefore, the debtor's request for extension is denied.

IT IS SO ORDERED.

**FILED BY THE COURT**
**06/01/2022**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 06/01/2022